UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENTON MILLENDER,

        Petitioner,

    v.                                  CIVIL ACTION NO. 99-CV-70945-DT
                                         HON. GERALD E. ROSEN
STANLEY ADAMS,             CHIEF UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE
COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

On February 8, 2002, this Court denied petitioner's habeas application, in which he sought relief for his convictions for three counts of first degree criminal sexual conduct, three counts of armed robbery, one count of assault with intent to do great bodily harm, three counts of felonious assault, and one count of possession of a firearm during the commission of a felony. *See Millender v. Adams,* 187 F. Supp. 2d 852 (E.D. Mich. 2002). The United States Court of Appeals for the Sixth Circuit affirmed the denial of the petition for writ of habeas corpus. *Millender v. Adams*, 376 F. 3d 520 (6th Cir. 2004); *cert. den.* 544 U.S. 921 (2005).

Petitioner has now filed a motion to dismiss his criminal convictions, claiming that the state trial court lacked subject matter jurisdiction over his case. For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

**I.  Discussion**

Before a second or successive habeas petition is filed in a federal district court, a

2:99-cv-70945-GER Doc # 45 Filed 03/08/13 Pg 2 of 4 Pg ID 127

habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997); *Turner v. U.S.,* 181 F. Supp. 2d 700, 706 (E.D. Mich. 2001). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In his current motion, petitioner does not specifically indicate that he is bringing his action under 28 U.S.C. § 2254, but he argues that the state court lacked subject matter jurisdiction over his criminal convictions. Petitioner's motion to dismiss his convictions is the equivalent of a second or successive habeas petition and must therefore be transferred to the Sixth Circuit for a certificate of authorization pursuant to § 2244(b)(3)(A). A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." *In Re Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004) (citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)). In the present case, the primary factual predicate underlying petitioner's motion involves a challenge to

2

the constitutionality of his conviction.  The motion therefore should be construed as a second or successive habeas petition for which a certificate of authorization is required.

The current motion is therefore a second or successive petition for habeas relief. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was denied on the merits.  Petitioner's motion to dismiss is thus a second or successive petition for a writ of habeas corpus and he is required to obtain a certificate of authorization.  Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).  Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

## II.  ORDER

Petitioner has not obtained the  appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer petitioner's "Motion to Dismiss All Charges Due to Lack of Subject Matter

Jurisdiction" [Dkt. # 44] to the United States Court of Appeals for the Sixth Circuit pursuant

to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  March 8, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 8, 2013, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135